Gen. 249]                                                                    249

**PERSONNEL**

**EVIDENCE — PERSONNEL FILES OF PRIVATE EMPLOYER ARE NOT PRIVILEGED AGAINST DISCOVERY**

June 2, 1995

*The Honorable Gilbert J. Genn*
*House of Delegates*

You have requested our opinion whether the personnel files of a private employer are privileged against discovery in civil litigation.

For the reasons stated below, we conclude that the personnel files of a private employer are not privileged against discovery in civil litigation. Whether such files may actually be discovered depends upon their relationship to potential evidence in the litigation. Even if discovery of personnel files occurs, however, the privacy interests of those who are the subject of the files may be safeguarded to some extent by a protective order.

**I**

**Background**

Maryland Rule 2-402(a) defines the scope of discovery as follows:

> (a) A party may obtain discovery regarding any matter, not privileged, including the existence, description, nature, custody, condition, and location of any documents or other tangible thing and the identity and location of persons having knowledge of any discoverable matter, if the matter relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. It is not ground for objection that

the information sought is already known to or
otherwise obtainable by the party seeking
discovery or that the information will be
inadmissible at the trial if the information
sought appears reasonably calculated to lead
to the discovery of admissible evidence. An
interrogatory or deposition question otherwise
proper is not objectionable merely because the
response involves an opinion or contention
that relates to fact or the application of law to
fact.[1]

One of the objectives of the rules of discovery is "to require the
disclosure of facts by a party litigant to all of his adversaries, and
thereby to eliminate, as far as possible, the necessity of any party to
litigation going to trial in a confused or muddled state of mind,
concerning the facts that gave rise to the litigation." *Baltimore
Transit Co. v. Mezzanotti*, 227 Md. 8, 13, 174 A.2d 768 (1961).
*Accord Billman v. State Deposit Corp.*, 86 Md. App. 1, 12-13, 585
A.2d 238, *cert. denied*, 323 Md. 1, 590 A.2d 158, *cert. denied*,
112 S.Ct. 304 (1991).

Under the rule, information is discoverable if it is (i) not
privileged; (ii) relevant to the subject matter involved in the
action, whether it relates to a claim or defense of the party
seeking discovery or defense of another party; or (iii) reasonably
calculated to lead to the discovery of admissible evidence. *See
Rubin v. Weissman*, 59 Md. App. 392, 400, 475 A.2d 1235 (1984);
Paul V. Niemeyer and Linda M. Schuett, *Maryland Rules
Commentary* 253-54 (2d ed. 1992). Information is privileged for
discovery purposes if it would be privileged at trial under the rules
of evidence. "Privileges for confidential communications are
created because the state thinks a particular relationship ... is
sufficiently important that it should be fostered by preserving
confidentiality in the relationship even at the cost of losing evidence
that would help to determine the truth in later litigation." Charles

---

[1] Maryland Rule 2-402(a) contains language paralleling that in
Federal Rule of Civil Procedure 26(b)(1). The Court of Appeals has said
that it will look to federal decisions construing the corresponding federal
rule for guidance in construing a similar State rule. *Snowhite v. State ex
rel. Tennant*, 243 Md. 291, 308-09, 221 A.2d 342 (1966). *Accord Turgut
v. Levine*, 79 Md. App. 279, 289, 556 A.2d 720 (1989).

Alan Wright, *Law of Federal Courts* §81, at 549 (4th ed. 1983) (footnote omitted).

The rules of discovery are to be liberally construed. *Mezzanotti*, 227 Md. at 13. A trial court is given wide discretion in applying the rules. 227 Md. at 13-14. *Accord Karl v. Davis*, 100 Md. App. 42, 55, 639 A.2d 214 (1994).

Your inquiry arises from the situation in which an employee sues his or her employer, usually for unlawful discrimination or wrongful termination, and seeks to discover the personnel files of other employees who are not parties to the case. The litigant employee usually seeks the personnel files to determine if the employer treats all similarly situated employees in the same manner, or whether the employer treats some similarly situated employees differently. This type of comparative information is often "necessary to afford the employee plaintiff a fair opportunity to develop his or her case and may be relevant to establish the pretextual nature of defendant [employer's] conduct." *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 47 (W.D.N.Y. 1986). *See generally Stefan Epstein, Annotation, Discovery, Under Federal Rules of Civil Procedure, in Actions Brought by Private Plaintiffs Under Equal Employment Opportunity Provisions of Civil Rights Act of 1964*, 31 A.L.R. Fed. 657 (1977).

## II

### Discovery of Personnel Records

In general, public policy favors protecting the confidentiality of personnel files. This policy is reflected in the Maryland Public Information Act, which requires that a custodian deny inspection of a personnel record of a public employee. §10-616(i) of the State Government ("SG") Article, Maryland Code. The obvious purpose of this subsection is to preserve the privacy of personal information about a public employee that is accumulated during his or her employment. 65 *Opinions of the Attorney General* 365, 367 (1980).[2]

---

[2] SG §10-616(i) "was intended to give personnel file access only to the person who is the subject of the file or to those persons who actually supervise or are directly responsible for the supervision of the person who

(continued...)

Disclosure of the contents of personnel files may be considered a breach of an employee's reasonable expectation of confidentiality and personal privacy. *See* Scott L. Fast, *Breach of Employee Confidentiality: Moving Toward A Common-Law Tort Remedy*, 142 U. Pa. L. Rev. 431, 438 (1993) ("According to one survey, more than fifty percent of workers and executives consider the personal information kept by their employers to be 'very important' in terms of privacy ..."). Indeed, where the employee is not a party to the litigation, such expectations are heightened. Revealing such information may cause morale problems. In addition, "employers may cease to frankly criticize [employee] performance for fear that any written evaluations they prepare may be used against them ...." *In the Matter of Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Hawaii 1980). What is more, "by chilling the free flow of candid communications in this manner, the ability of the [employer] to maintain their standards and to improve employee performance will arguably be impaired." *Id*.

Nevertheless, while there are strong public policy arguments in favor of protecting personnel files, such a policy alone does not create a privilege for the purposes of discovery. *Cf. Boyd v. Gullett*, 64 F.R.D. 169, 177 (D. Md. 1974) (exemption in Public Information Act for investigatory records does not create discovery privilege). Rather, the policy becomes an evidentiary privilege only after recognition as such in statute or case law.

Policy arguments in favor of confidentiality have resulted in recognition of a number of privileges, some of which derive from the common law and others of which are purely statutory. The following privileges are set out in the Courts & Judicial Proceedings Article, Maryland Code: marital privilege, §9-105; privilege against self-incrimination, §9-107; attorney-client, §9-108; psychiatrist-patient, §9-109; psychiatrist/mental health nursing specialist-patient,

---

[2] (...continued)
 is the subject of the file." 78 *Opinions of the Attorney General* 291, 294 (1993).

§9-109.1; accountant-client, §9-110; clergy-penitent, §9-111; journalist-source, §9-112; and social worker-patient, §9-121. Maryland courts also recognize an executive privilege, *Hamilton v. Verdow*, 287 Md. 544, 414 A.2d 914 (1980), and a legislative privilege, *Montgomery County v. Schooley*, 97 Md. App. 107, 627 A.2d 69 (1993).

However, Maryland courts have not recognized an employer-employee privilege. *See Smith v. B.& O. R. R. Co.*, 473 F. Supp. 572, 585 (D. Md. 1979) (describing Maryland law).[3]  Accordingly, because the personnel files of an employer are not privileged, they may be subject to discovery if the broad relevancy standard in Rule 2-402(a) is met.

Federal cases provide a wealth of examples in which such discovery was allowed. *See, e.g., Coughlin,* 946 F.2d 1152 (plaintiff was entitled to discover personnel files of employees who had been guilty of a variety of infractions more serious than those committed by plaintiff, but who nevertheless were not discharged); *Weahkee v. Norton*, 621 F.2d 1080 (10th Cir. 1980) (plaintiff who contended that he had been discriminated against in promotions was entitled to discover, in his employment discrimination suit, personnel files of other employees who had allegedly been promoted or hired in discriminatory preference over him); *Orbovich v. Macalester College*, 119 F.R.D. 411 (D. Minn. 1988) (professor who alleged she was denied tenure as a result of sex discrimination, was entitled to discover tenure and personnel information regarding other faculty members for purpose of comparing treatment of genders at college). *See also Smith v. B.& O. R.R. Co.*, 473 F. Supp. at 585 (information on annual and guaranteed incomes of employees was not privileged information and was subject to discovery). *But see McGowan v. General Dynamics Corp.*, 794 F.2d 361 (8th Cir. 1986) (denial of applicant's request to compel discovery of personnel and employment records relating to all clerical and line position jobs from date potential applicant first applied was not an abuse of

---

[3] It is not beyond imagining that the Maryland Court of Appeals might recognize such a privilege as a matter of common law, as one commentator has urged.  *See* Scott L. Fast, *Breach of Employee Confidentiality:  Moving Toward A Common-Law Tort Remedy*, 142 U. Pa. L. Rev. at 459.  However, we have no basis for predicting that the Court will do so.

discretion, where request was extremely broad in scope and probably irrelevant).[4]


# III

## Protective Orders

Although no privilege against discovery of personnel files exists, certain restrictions on discovery may be sought. Maryland Rule 2-403(a) provides that a court may limit discovery to protect against "annoyance, embarrassment, oppression, or undue burden or expense ...."[5]  Under this rule, the court may limit discovery by way of a protective order requiring:

> (1) that the discovery not be had, (2) that the discovery not be had until other designated discovery has been completed, a pretrial conference has taken place, or some other event or proceeding has occurred, (3) that the discovery may be had only on specified terms and conditions, including an allocation of the expenses or a designation of the time or place,  (4) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery, (5) that certain matters not be inquired into or that the scope

---

[4] Certain information obtained during the employer-employee relationship is privileged.  The Americans with Disabilities Act ("ADA") provides that information received by an employer about an employee (or an applicant) as a result of a medical examination is confidential. 42 U.S.C. §12112(d)(2), (d)(3), and (d)(4).  Such information must be collected and maintained in separate medical files, not the employee's personnel record. §12112 (d)(3)(B). *See* 29 C.F.R. §1630.14(b)(1) and (c)(1).  In essence, the ADA creates a privilege against discovery of medical information received by an employer.  This privilege may be overcome in limited circumstances (for example, in an ADA enforcement action, 29 C.F.R. §1630.14(b)(1)(iii), and with regard to work safety or accommodations, 29 C.F.R. §1630.44(g)(ii)).  For State law provisions protecting medical records, see Title 4, Subtitle 3 of the Health-General Article.

[5] Maryland Rule 2-403 is similar in substance and form to Federal Rule of Civil Procedure 26(c).

of the discovery be limited to certain matters, (6) that discovery be conducted with no one present except persons designated by the court, (7) that a deposition, after being sealed, be opened only by order of the court, (8) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way, (9) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

For example, the federal Circuit Court of Appeals for the Ninth Circuit held that a protective order limiting discovery was proper under the following circumstances:

> Plaintiffs seek more than statistical data of officer employment termination, discipline and compensation. They demanded access to [the defendant agency's] personnel files to compile their own statistics. While these files are not absolutely privileged, the confidential nature of the employee personnel files suggests that opening the files to the plaintiffs for a general search could reach well beyond the legitimate inquires necessary to this litigation and would impact disciplinary procedures within the [agency]....
>
> While plaintiffs demonstrate the relevance of statistics to their suit, they fail to show that discovery of the actual files was necessary. Focused discovery could have been employed.

*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990). *See also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986) (protective order properly permitted only plaintiff's lawyers to have direct access to the personnel files produced by the defendant in the course of discovery).[6]

---

[6] Of course, the court must take care to avoid unnecessary infringement of the plaintiff's interests. *Farnsworth v. Proctor & Gamble*

(continued...)

**IV**

**Conclusion**

In summary, it is our opinion that personnel files of a private employer are not privileged against discovery in civil litigation.

J. Joseph Curran, Jr.
*Attorney General*

Kimberly Smith Ward
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

---

[6] (...continued)
*Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). *See Longmire v. Alabama State University*, 151 F.R.D. 414 (M.D. Ala. 1992) (oral motion to exclude plaintiff employee from production of personnel files denied where plaintiff's presence would make document production more efficient because plaintiff had personal knowledge of the case).